IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEAN MORISSETTE,

    Plaintiff,

vs.

TERRY ADAMS, INC.,
a Kentucky For Profit Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JEAN MORISSETTE, sues Defendant, TERRY ADAMS, INC. and shows:

### Introduction

1. This is an action by JEAN MORISSETTE against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, JEAN MORISSETTE, (hereinafter "MORISSETTE") a resident of Broward County, was at all times material, employed by TERRY ADAMS, INC. as a building construction superintendent, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with Defendant was engaged in commerce or in the production of

goods for commerce within the meaning of 29 U.S.C. § 207(a). Specifically, MORISSETTE handled many goods and construction materials that traveled in interstate commerce and generally supervised Defendant's retail building and renovation projects located in South Florida.

5. Defendant, TERRY ADAMS, INC. (hereinafter, "TERRY ADAMS"), is a Kentucky for-profit corporation doing business in Broward and Miami-Dade Counties, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, at the project sites where MORISSETTE worked.  At all times pertinent to this Complaint, TERRY ADAMS operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and TERRY ADAMS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. From May 9, 2021, through mid-January 2022, Defendant TERRY ADAMS has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their

employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MORISSETTE, from May 9, 2021 through mid-January 2022, has worked in excess of 40 hours a week for most weeks of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed, in that the Defendant would only pay him straight time for all hours worked, even those hours in excess of 40 hours per week.

7. The failure to pay overtime compensation to MORISSETTE is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

8. Defendant's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MORISSETTE's status as non-exempt, but chose not to pay him in accordance with the Act.

**COUNT I – FLSA Overtime Violation by Defendant TERRY ADAMS**

9. MORISSETTE realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

10. MORISSETTE is entitled pursuant to 29 U.S.C. § 216(b), to recover from TERRY ADAMS:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE Plaintiff, JEAN MORISSETTE, prays that this court will grant judgment against Defendant TERRY ADAMS:

      a.      awarding MORISSETTE payment of overtime compensation found by the court to be due to him under the Act;

      b.      awarding MORISSETTE an additional equal amount as liquidated damages;

      c.      awarding MORISSETTE his costs, including a reasonable attorney's fee; and

      d.      granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: January 24, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for JEAN MORISSETTE*